Argued March 14, reversed and remanded June 4, 1958

## ROBERT IRVING TIMBER CORP. *v.* DOTY
### 326 P. 2d 444

*W. T. Hollen*, Newport, argued the cause for appellant. With him on the brief was A. R. McMullen, Newport.

*Harry G. Hoy*, Oceanlake, argued the cause and filed a brief for respondents.

Before Perry, Chief Justice, and Rossman, Mc-Allister and Sloan, Justices.

SLOAN, J.

This is an action for money had and received. The lower court sustained a demurrer to plaintiff's second amended complaint. The plaintiff elected not to plead further and judgment was entered for the defendant. Plaintiff appeals and assigns as error the ruling of the court in sustaining the demurrer.

The complaint, in substance, alleges the corporate capacity of the plaintiff and the identity of the defendants. The factual allegations giving rise to the purported cause of action set forth that the defendants were the owners of certain real property in Lincoln county, Oregon; that on the 20th day of August, 1952, the defendants entered into a written agreement with plaintiff's assignors, herein called purchasers, by which the latter agreed to buy all the merchantable fir, spruce and hemlock timber upon the real property owned by the defendants.

It is further alleged that this agreement required purchasers to pay a total of $5,000 as a down payment and that such sum was to be applied on the purchase or stumpage price of the last timber to be removed from the premises. That such payment was made to defendants prior to the cutting and removal of any of the timber and received by them for the purpose specified. That the agreement required that all of the timber standing or down and not removed as of December 31, 1954, would revert to the defendants and all of purchasers' rights would terminate. On or about March 18, 1954, the purchasers' interest in said contract was assigned to this plaintiff.

After alleging the terms of the agreement as above stated the complaint then avers as follows:

## "VIII.

"That plaintiff commenced logging and removing said timber from said described premises, and did log and remove timber therefrom between the 18th day of March, 1954, and the 31st day of December, 1954. That during the course of said logging operations and before any payments for stumpage were made to defendants by plaintiff, it became apparent to plaintiff that it would be difficult to log and remove all of said timber from said premises within the time limited by said contract. That because of said fact, the plaintiff did, upon several occasions, request that defendants extend the time for removal of said timber and grant to plaintiff an additional period of time within which to log and remove said timber; that defendants Clarence Doty and L. R. Doty did repeatedly and upon many occasions advise plaintiff, and falsely represent to plaintiff and to plaintiff's employees, agents and logging contractors, that if plaintiff would not withhold stumpage payments upon the last of the timber to be removed from said premises, defendants would extend the time for removal of said timber in accordance with plaintiff's request; that said defendants L. R. Doty and Clarence Doty advised plaintiff and falsely represented to plaintiff that if plaintiff would not deduct the sums which plaintiff was entitled to deduct upon the last of the timber to be removed from said premises, the defendants would make, execute and deliver a modification of said contract granting unto plaintiff an additional year in which to log and remove said timber.

## "IX.

"That the plaintiff relied upon said statements and representations of said defendants, and because of plaintiff's reliance upon said statements, the

plaintiff did not deduct any sums from the regular payments made to defendants for timber removed and did not make any application of the said down payment of $5,000.00 upon the last of the timber removed from said premises. That from the time on which defendants first made said false representations and to and including the 31st day of December, 1954, the plaintiff's logged and removed timber and because of plaintiff's reliance on defendants' said representations, the plaintiff did pay to the defendants the sum of $4,189.29. That said defendants have since refused to grant any extension of said contract of time for removal of said timber to plaintiff, and as a result thereof, the said defendants have become indebted to plaintiff in the sum of $4,189.29, for money had and received by said defendants to the use and benefit of plaintiff.

"X.

"That no part of said sum has been paid although payment was duly demanded of the defendants Clarence Doty and L. R. Doty before the commencement of this suit."

To this complaint defendants interposed the demurrer upon the ground that the pleadings did not state facts sufficient to constitute a cause of action. Both in the lower court and here the defendants contended that the action was based upon a written contract "of which sufficient is shown by the pleading in question to disclose that plaintiff is attempting to vary the terms of said written contract by an alleged verbal promise based upon no consideration."

The defendants, therefore, contend that the parol evidence rule applies. It is the view of this court that the parol evidence rule is not involved.

The complaint does not allege an attempt to modify or alter a written agreement. It sufficiently alleges

that plaintiff paid to defendants a sum of money in reliance upon fraudulent representations made to the plaintiff by the defendants, that defendants hold such sum for the use and benefit of plaintiff and in equity and good conscience should be returned to plaintiff. That demand therefor has been refused. If the allegations are established by proof, plaintiff would be entitled to judgment. *Smith v. Rubel,* 140 Or 422, 13 P2d 1078.

The theory of the complaint is that the defendants have received and retained the money and thereby are attempting to extract from plaintiff double payment for the same timber. That by these circumstances plaintiff is justly entitled to the return of its money. Plaintiff has waived the tort and brought an action as in assumpsit for money had and received. This states a good cause of action. *Keegan et al. v. Lenzie,* 171 Or 194, 135 P2d 717.

The demurrer is overruled and judgment reversed with directions to the court to enter an order allowing defendants a proper time in which to plead further to the complaint.